UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OLD STANDARD LIFE INSURANCE COMPANY, in Rehabilitation,<br><br>    Plaintiff,<br><br>   vs.<br><br>PACIFIC INSURANCE COMPANY LTD., a foreign insurer and member of the Hartford Group of Insurance Companies,<br><br>    Defendant. | NO. CV-06-0239-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND RULING ON PLAINTIFF'S REQUEST FOR FINDINGS OF FACT** |

On November 30, 2006, a hearing was held in the above-captioned matter. Bradley W. Hoff and John Ray Nelson appeared on behalf of Plaintiff Old Standard Life Insurance Company ("Old Standard") and Paul L. Kirkpatrick appeared on behalf of Defendant Pacific Insurance Company Ltd. ("Pacific"). Before the Court was Plaintiff's Motion for Partial Summary Judgment (Ct. Rec. 8). At oral argument, the Court requested supplemental briefing regarding Plaintiff's request for findings of fact pursuant to Federal Rule of Civil Procedure 56(d). After hearing oral argument and considering the submitted material, supplemental material, and relevant authority, the Court was fully informed. This Order serves to memorialize and supplement the Court's oral ruling denying the motion for summary judgment.

ORDER -- 1

**I. Summary and Background**

Plaintiff Old Standard's claim is based on the contention that Defendant Pacific owes Old Standard additional money under a commercial property insurance policy. Pacific issued policy ZG0029285 effective from May 2004, to May 2005, which covered two hotel properties owned by Old Standard. In September of 2004, Hurricanes Frances and Jeanne struck Florida causing extensive damage to the two properties. So far, Pacific has paid $2,233,344.07 pursuant to the policy. Old Standard argues that based on the "Statements of Loss" prepared by Jeffery Higgins of CJW Associates ("CJW"), an independent adjuster, Pacific admits to owing Old Standard $713,657.61 more than Pacific has thus far paid to cover the claims.

**II. Summary Judgment Standard**

Summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When considering a motion for summary judgment, a court may not weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue for trial exists only if "the evidence is such that a reasonable jury could return a verdict" for the party opposing summary judgment. *Id.* at 248. In other words, issues of fact are not material and do not preclude summary judgment unless they "might affect the outcome of the suit under

ORDER -- 2

the governing law." *Id.* There is no genuine issue for trial if the evidence favoring the non-movant is "merely colorable" or "not significantly probative." *Id.* at 249.

If the party requesting summary judgment demonstrates the absence of a genuine material fact, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial" or judgment may be granted as a matter of law. *Anderson*, 477 U.S. at 248. This requires the party opposing summary judgment to present or identify in the record evidence sufficient to establish the existence of any challenged element that is essential to that party's case and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Failure to contradict the moving party's facts with counter affidavits or other responsive materials may result in the entry of summary judgment if the party requesting summary judgment is otherwise entitled to judgment as a matter of law. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

**III. Old Standard's Motion for Summary Judgment**

Old Standard argues that the Statements of Loss prepared by CJW constitute admissions by Pacific of amounts owed to Old Standard. In support of this contention, Old Standard argues that CJW is an agent of Pacific, and statements by an agent of an insurer are binding on the insurer. Old Standard cites to Florida Administrative Code 69B-166.024, which states:

> Every insurer shall adopt and implement standards for the acknowledgment of communications and investigation of claims with respect to claims so that:

ORDER -- 3

> (1) Upon the insurer's receiving a communication with respect to a claim, it shall, within 14 calendar days, review and acknowledge receipt of such communication unless payment is made within that period of time or unless the failure to acknowledge is caused by factors beyond the control of the insurer which reasonably prevent such acknowledgment . . . A communication made to or by an agent of an insurer with respect to a claim shall constitute communication made to or by an agent of an insurer. As used in this subsection, "agent" means any person to whom an insurer has granted authority or responsibility to receive or make such communications with respect to claims on behalf of the insurer.

While CJW fits within the above definition of agent, this provision applies specifically to the acknowledgment of receipt of communications regarding claims. Thus, CJW's acknowledgment of Old Standard's proofs of loss satisfy the requirements dictated by this provision with regard to Pacific's acknowledgment of receipt of those proofs of loss. However, this provision does not stand for the proposition that CJW acts as Pacific's agent for all aspects of claim settlement or that any communication by CJW constitutes a communication by Pacific.

Out of context, the sentence, "[a] communication made to or by an agent of an insurer with respect to a claim shall constitute communication made to or by an agent of an insurer," would permit agents of an insurer to bind the insurer to changes in policy language or global settlements. However, read in the context of the administrative code, the provision is limited to acknowledgment of communications and responses to claims.

Whether CJW had the authority to bind Pacific with regard to settlement amounts is determined not by the existence of the agency relationship described above, but by CJW's apparent authority to so bind Pacific. While Old Standard points to Florida case law suggesting that

ORDER -- 4

adjusters assume broad authority, none of the cases cited by Old Standard address situations in which the adjuster was an independent entity. In *Old Republic Insurance Company v. Von Onweller Construction Company, Inc.,* 239 So.2d 503, (Fla. App. 1970), a case cited by Old Standard in its reply brief (Ct. Rec. 28 p. 7), the agency relationship between the adjuster and the insurer had been stipulated to by the parties. 239 So.2d at 504. Further, the court in *Old Republic* specifically limited the binding authority of adjusters noting, "[t]he acts of an adjuster *within the apparent scope of his authority* are binding on the company without notice to the insured of limitations on his powers." *Id.* (emphasis added). Thus, those acts that are not within the apparent authority of the adjuster do not bind the insurer.

Here, Old Standard does not contend that it was unaware of CJW's status as an independent adjuster. Old Standard had no reason to infer that CJW had the authority to bind Pacific to specific loss amounts. The Statements of Loss themselves are a record prepared by CJW and do not contain language indicating an intent to bind Pacific or promising to pay Old Standard the amounts indicated. The letter accompanying the Statements of Loss advises Mr. Hoff to "review and contact me to discuss." (Ct. Rec. 12 Ex. 6 p. 89.) This statement does not indicate a promise to pay, but rather it indicates the loss amounts will be discussed further. For these reasons, Old Standard's Motion for Summary Judgment is denied.

**IV. Old Standard's 56(d) Request**

In its reply brief, Old Standard requested that if the Court were to find that CJW lacked authority to bind Pacific, then the Court should

ORDER -- 5

make certain findings pursuant to Federal Rule of Civil Procedure 56(d) (Ct. Rec. 28 p. 11). Rule 56(d) states, "[i]f on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and trial is necessary, the court . . . shall if practical ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted." Specifically, Old Standard requested findings that Pacific (1) has not appointed any representative to speak on its behalf about the value or amount of Old Standard's claim; (2) has not issued any written valuation of the claims; and (3) has not rejected or reserved the right to dispute the amounts set forth in Old Standard's Proofs of Loss.

With regard to Old Standard's first request, the Court does not find that Pacific has not appointed any representative to speak on its behalf about the value or amount of Old Standard's claim. The exhibits submitted by Old Standard attached to the Declaration of Bradley Hoff (Ct. Rec. 12) document a dialogue between Old Standard and CJW regarding the value of Old Standard's claims.

Old Standard's second request is a finding that Pacific has not issued a written valuation of Old Standard's claims. In its supplemental brief on this issue, Pacific argues that the checks issued to Old Standard constitute written valuations of the claim (Ct. Rec. 35 pp. 4-5). However, in the letter that accompanied the most recent check, a letter dated June 2, 2006, from Gerald Albrecht and Michael Stein, counsel for Pacific, to Bradley Hoff, counsel for Old Standard, Pacific states, "[t]his amount is partial payment of the actual cash value of the loss to the structure for the West Palm Beach Inn. Pacific

ORDER -- 6

is continuing to analyze this claim and additional funding is being reviewed at this time." (Ct. Rec. 12 Ex. 8 p. 97.) Given this statement, and given Pacific's assertion that the Statements of Loss prepared by CJW do not constitute Pacific's valuations, as of November 30, 2006, the date of oral argument on this motion, Pacific had not provided Old Standard with complete valuations of the losses.

Old Standard's third request is a finding that Pacific has not reserved the right to dispute the Proofs of Loss submitted by Old Standard. The Court finds that Pacific has reserved the right to dispute the loss amounts set forth in Old Standard's Proofs of Loss. In a letter dated December 20, 2005, from Jeffery Higgins, General Adjuster for CJW, to Bradley Hoff, counsel for Old Standard, Mr. Higgins states:

> we expressly reject any and all statements contained in the said Proofs of Loss with reference to the amount of sound value and the amount of loss, and we expressly reserve all of our rights and defenses in connection with the ascertainment as to the value and loss, if any, and we do not in any way in acknowledging the receipt of the Proofs of Loss waive any of the rights and defenses which Pacific Insurance Company posses under its policy number CG0029285.

(Ct. Rec. 12 Ex. 5 p. 85.) Old Standard argues that Mr. Higgins did not have authority to speak for Pacific with regard to the claims at issue. However, the Court finds Mr. Higgins did not have the authority to bind Pacific to set loss amounts, not that Mr. Higgins had no authority to speak to Old Standard about the claims. Therefore, the above quoted reservation of rights was a valid reservation of rights.

Accordingly, **IT IS ORDERED**:

1. Old Standard's Motion for Partial Summary Judgment on Pacific's Admitted Coverage Obligation **(Ct. Rec. 8)** is **DENIED**.

ORDER -- 7

2. Old Standard's Request for Findings of Fact Pursuant to Rule 56(d) **(Ct. Rec. 28 p. 11)** is **GRANTED IN PART** (the Court finds that as of November 30, 2006, Pacific had not issued a complete written valuation or determination concerning Old Standard's claims) and **DENIED IN PART** (the Court finds that Pacific has appointed a representative to speak on its behalf and Pacific has reserved the right to dispute Old Standard's Proofs of Loss).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** this ____10th_____ day of January 2007.

                    S/ Edward F. Shea
                    EDWARD F. SHEA
              UNITED STATES DISTRICT JUDGE

Q:\Civil\2006\0239.MSJ.wpd

ORDER -- 8